# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| AMY MAUER, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | No. 16 C 1473 |
| v. | ) ) | Judge Sara L. Ellis |
| AMERICAN INTERCONTINENTAL UNIVERSITY, INC., AIU ONLINE, LLC, EVEREST UNIVERSITY, EVEREST UNIVERSITY ONLINE, ZENITH EDUCATION GROUP, INC., ECMC GROUP, INC., and JOHN DOE CORPORATION, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff Amy Mauer brings a class action complaint against Defendants American Intercontinental University, Inc. and AIU Online, LLC (collectively, "AIU"); Everest University, Everest University Online, Zenith Education Group, Inc., and ECMC Group, Inc. (collectively, "Everest"); and John Doe Corporation ("John Doe"). Mauer asserts that AIU, Everest, and John Doe violated the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq.*, by calling her cellular telephone using an automatic telephone dialing system ("ATDS") without her express consent. AIU and Everest have filed motions to dismiss, arguing that Mauer has not adequately tied them to the call she received or adequately alleged that the call she received came from an ATDS.[1] The Court denies their motions because, based on the facts alleged in Mauer's amended class action complaint, she has sufficiently pleaded a basis to hold AIU and Everest vicariously liable and that John Doe utilized an ATDS while calling her cellular phone.

---

[1] AIU also filed a motion to strike the class allegations from the amended complaint, which the Court addresses in a separate Opinion and Order.

## BACKGROUND[2]

On March 17, 2015, around 6:35 p.m., Mauer received a call on her cellular phone from John Doe, a telemarketing agency, through an ATDS using the number (603) 913-2771. When Mauer answered the phone call, she observed a "noticeable pause" before a voice came on the other line. Doc. 18 ¶ 42. The person claimed to be a representative of the U.S. Education Network and tried to get Mauer's contact information to help her "further her education." *Id*. Mauer attempted to get more information from the representative, but when the representative did not provide any additional information, Mauer hung up.

Shortly after Mauer received the call on March 17, 2015, as part of her counsel's investigation, a call was placed to the same number that called Mauer, (603) 913-2771. The representative that answered the call offered educational services to the caller. The caller provided the representative with a telephone number and email address. Within a matter of minutes, AIU and Everest called the given telephone number and sent information to the given email address. AIU and Everest both provide career education services around the country. Mauer never provided express written consent to be contacted on her cell phone by or on behalf of John Doe, AIU, or Everest.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive

---

[2] The Court takes the facts in the background section from the amended class action complaint and treats them as true for the purpose of resolving AIU's and Everest's motions to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

Under the TCPA, a plaintiff must allege the following four elements to state a cause of action: (1) a call was made, (2) the caller used ATDS or artificial or prerecorded voice, (3) the call was made to a cellular telephone number, and (4) the recipient of the call did not give the caller express written consent to make the call. 47 U.S.C. § 227(b)(1)(A)(iii); *Oliver v. DirecTV, LLC*, No. 14-cv-7794, 2015 WL 1727251, at *2 (N.D. Ill. Apr. 13, 2015). Under certain circumstances, parties that do not initiate calls may nonetheless be held vicariously liable for TCPA violations committed by third-party telemarketers "under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification." *In re Dish Network, LLC*, 28 FCC Rcd. 6574, 6584 (2013). Here, AIU and Everest do not dispute that Mauer has sufficiently pleaded a call was made to her cellular telephone without her express written consent. However, they challenge (1) whether she has adequately pleaded a basis to hold them vicariously liable for the call, either under a classic agency or ratification theory;[3] and (2) whether she has adequately pleaded that the John Doe representative used ATDS in making the call. The Court will address these issues in turn.

---

[3] AIU and Everest also argue that Mauer has not alleged vicarious liability under an apparent authority theory, but Mauer does not seek to establish liability via this route and so the Court does not address it here.

**I.      Vicarious Liability**

Mauer argues that AIU and Everest can be held liable for the call she received based on classic agency and ratification principles. A party may be held vicariously liable for a TCPA violation committed by a third-party telemarketer "under federal common law principles of agency." *Id.* Agency is "the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf, and the agent manifests assent or otherwise consents so to act." Restatement (Third) of Agency § 1.01 (2006).[4] Agency is typically a factual issue, with the plaintiff at the pleading stage only required to allege a factual basis that gives rise to an inference of an agency relationship through the use of generalized as opposed to evidentiary facts. *Dish Network*, 28 FCC Rcd. 6593 n. 139 ("[N]othing in our ruling requires a consumer to prove at the time of their complaint (rather than reasonably allege) that a call was made on the seller's behalf."); *Clarendon Nat'l Ins. Co. v. Medina*, 645 F.3d 928, 935 (7th Cir. 2011); *Jackson*, 2012 WL 2503956, at *2. Further, a plaintiff need not allege facts completely within the defendant's knowledge at the pleading stage. *See Oliver*, 2015 WL 1727251, at *2. Plaintiffs may obtain evidence of a relationship between a vendor and telemarketer through discovery if they do not know the information on their own. *Charvat v. Allstate Corp.*, 29 F. Supp. 3d 1147, 1151 (N.D. Ill. 2014) (citing *Dish Network*, 28 FCC Rcd. at 6592–93). Thus, at the pleading stage, it is irrelevant that a plaintiff cannot identify the third-party telemarketer, or what arrangement that third party had with the defendant vendors

---

[4] "[T]he federal common law of agency, Illinois agency law, and the Restatement of Agency are all in accord on general agency principles[.]" *NECA-IBEW Rockford Local Union 364 Health & Welfare Fund v. A&A Drug Co.*, 736 F.3d 1054, 1058 (7th Cir. 2013). Under Illinois law, a plaintiff establishes an agency relationship by showing that "the alleged principal has the right to control the manner and method in which work is carried out by the alleged agent and [that] the alleged agent can affect the legal relationships of the principal." *Jackson v. Bank of N.Y.*, No. 11-cv-6410, 2012 WL 2503956, at *2 (N.D. Ill. June 28, 2012) (quoting *Chemtool, Inc. v. Lubrication Techs.*, 148 F.3d 742, 745 (7th Cir. 1998)); *Moy v. County of Cook*, 614 N.E.2d 265, 267, 244 Ill. App. 3d 1034, 185 Ill. Dec. 131 (1993).

because the defendants, and not the plaintiff, are reasonably expected to know this information. *See id*. at 1150–51(motion to dismiss denied where plaintiff did not identify the third-party telemarketer who made the call or allege the precise relationship the third-party had with the defendant); *Jackson*, 2012 WL 2509356 at *2 (motion to dismiss denied where it was *possible* the alleged principal may not have *actually* had the right to control the alleged agent).[5]

Under these agency standards, then, Mauer has sufficiently alleged that John Doe acted as Everest's and AIU's agent in placing the call to her cellular phone. As both AIU and Everest argue, the existence of the alleged contract aids but is not sufficient to establish an agency relationship. *Chemtool, Inc.*, 148 F.3d at 745. But Mauer does not base her agency allegations solely on the existence of such a contract. Mauer claims that the representative making the call stated he or she was from the U.S. Education Network and tried to get information from Mauer so that she could "further her education." Doc. 18 ¶ 42. Moreover, immediately following the call, someone affiliated with Mauer placed a call to the same telephone number that called Mauer, receiving an offer of similar education services. Then, having provided the representative with a telephone number and email address, within minutes, AIU and Everest made contact with the individual using the provided telephone number and email address. This detailed chain of events sufficiently ties AIU and Everest to John Doe, the company that called Mauer. *See Charvat*, 29 F. Supp. 3d at 1151 (allegations tying defendant to automated call were sufficient to allow plaintiff to proceed to discovery on issue of vicarious liability).

---

[5] To the extent Everest relies on *Bridgeview Health Care Center v. Clark* in support of its argument that Mauer has not adequately pleaded vicarious liability, the Seventh Circuit addressed agency in the context of whether agency had been proved after a bench trial, not whether the plaintiff had adequately alleged agency in the complaint. 816 F.3d 935, 938–39 & n.2 (7th Cir. 2016) (noting the "potential pleading problem" concerning agency liability but "declin[ing] to decide whether Bridgeview's complaint failed to present an agency claim, because conducting an agency analysis demonstrates that Bridgeview's agency claim fails even if it was properly pleaded").

But AIU and Everest take issue with several aspects of Mauer's pleading to argue that her agency allegations nonetheless fail. They argue that the subsequent investigatory call has no connection to the call Mauer received from John Doe and that it cannot be used to hold AIU or Everest liable because the information provided during the investigatory call was fabricated. Any claims of fabrication are beyond the scope of the amended complaint and an issue for discovery and summary judgment. Setting that issue aside, Mauer pleads two facts that demonstrate a plausible link between these two calls, allowing her to proceed on her TCPA claim against both AIU and Everest. First, allegedly within a short period of time, the investigatory call was made to the same number from which Mauer received the call from John Doe—(603) 913-2771; the investigator did not call a random number not associated with John Doe. Second, representatives on both calls followed a similar script, purporting to represent a network that furthered education. Although the representative did not identify on whose behalf he or she was working, AIU and Everest offer educational services, making the connection plausible.

AIU contends that "[t]here are hundreds of education providers in the United States and to suggest that any seller could be acting on behalf of any one (or all) of these education providers when it mentions education services does not comport within common sense." Doc. 41 at 12. Yet, hundreds of education providers in the United States did not call and email the very telephone number and email address provided to the representative by the investigator within minutes of receipt. AIU and Everest did, however, which under the circumstances makes Mauer's claim plausible. Given the short interval of time in which AIU and Everest acted after the investigator provided a John Doe representative with the contact information, and because AIU and Everest worked in the same line of business in which John Doe purported to work, the Court may draw the plausible inference that an agency relationship existed between John Doe on

the one hand and AIU and Everest on the other. The fact that AIU and Everest are competitors also does not make Mauer's allegations implausible, as John Doe "may simultaneously be the agent[ ] of multiple principals." *Fed. Trade Comm'n v. Lifewatch Inc.*, --- F. Supp. 3d ----, 2016 WL 1315063, at *14 (N.D. Ill. Mar. 31, 2016); *see also 1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1250 (10th Cir. 2013) ("[T]hat certain affiliates may have worked for another advertiser at the same time that they were working for Lens.com does not necessarily mean that they could not have been agents of Lens.com. An agent can serve multiple principals at once, even principals that are competing with one another.").

Everest additionally argues that Mauer makes "blanket assertions" regarding the possible relationship between AIU, Everest, and John Doe without clearly identifying the Defendants in the amended complaint. Doc. 22 at 4; Doc. 40 at 3. While Mauer must ultimately prove each individual Defendant's role and relationship to the John Doe caller, she need only generally allege her agency claim so as to provide each Defendant notice of the claims against them at this stage. *See Toney v. Quality Res., Inc.*, 75 F. Supp. 3d 727, 733 (N.D. Ill. Dec. 1, 2014) (rejecting defendants' argument in TCPA case that plaintiff's allegations "impermissibly lump the defendants together" because they sufficiently placed defendants on notice of the plaintiff's claims). This is particularly the case, as discussed above, where Mauer likely does not have access to facts to more precisely identify each Defendant's role without the benefit of discovery. *See Charvat*, 29 F. Supp. 3d at 1151; *Dish Network*, 28 FCC Rcd. at 6592–93 (noting that consumers may acquire evidence of agency relationship through discovery "if they are not independently privy to such information"); *see also Kuri v. City of Chicago*, No. 13 C 1653, 2014 WL 114283, at *7 (N.D. Ill. Jan. 10, 2014) (in § 1983 case, allowing plaintiff to direct allegation at multiple defendants at pleading stage where plaintiff may not be aware of "which

7

individual committed which parts of the alleged misconduct before the benefit of discovery"). Mauer has sufficiently put AIU and Everest on notice of her claim, and the Court thus finds that she has adequately alleged a basis to hold AIU and Everest vicariously liable under a classic agency theory.[6]

## II. Use of ATDS

Everest also argues that Mauer has not sufficiently alleged that the call she received was placed by an ATDS. As with her agency allegations, Mauer need not state facts that would be completely within AIU's, Everest's, or John Doe's knowledge. *See Oliver*, 2015 WL 1727251, at *2; *Torres v. Nat'l Enter. Sys.*, No. 12 C 2267, 2012 WL 3245520, at *3 (N.D. Ill. Aug. 7, 2012) (motion to dismiss denied where plaintiff alleged that she received a call from defendant with a prerecorded voice because it was premature to address evidentiary issues prior to discovery). This includes the precise type of machine used for the communication, as it would be nearly impossible for plaintiffs to obtain evidence to determine the type of machine used for a call absent discovery. *See Oliver*, 2012 WL 1727251, at *2; *Torres*, 2012 WL 3245520, at *3. Requiring more would make defendants such as AIU, Everest, and John Doe "virtually immune to TCPA claims, which clearly is not what was intended by Congress in creating the TCPA." *Torres*, 2012 WL 3245520, at *3.

Nonetheless, a plaintiff should use "laymen's terms" or describe the surrounding circumstances that give rise to the inference that an ATDS, artificial, or prerecorded voice was used. *See Martin v. Direct Wines, Inc.*, No. 15 C 757, 2015 WL 4148704, at *2 (N.D. Ill. July 9, 2015); *Oliver*, 2015 WL 1727251, at *2. Conclusory allegations that a call was made with an ATDS or that such calls occur because of the advances of modern technology are insufficient.

---

[6] Because the Court finds a basis for holding AIU and Everest vicariously liable under a classic agency theory, it need not address whether Mauer has sufficiently pleaded a basis to hold AIU or Everest liable under a ratification theory.

8

*See Schlotfeldt v. Wells Fargo Home Mortg., Inc.*, Nos. 15 C 6656, 16 C 6659, 2016 WL 406341, at *4 (N.D. Ill. Feb. 3, 2016) (motion to dismiss granted where plaintiff merely alleged that "given the technological advances of our era" the defendant used an ATDS); *Martin*, 2015 WL 4148704, at *2 (motion to dismiss granted where plaintiff alleged that he spoke to a live human and gave no surrounding circumstances to allow plausible inference that ATDS or a prerecorded voice was used). Examples of adequate allegations of surrounding circumstances include "a 'robotic sound of the voice on the other line,' a lack of human response when [plaintiff] attempted to have a conversation with the caller, having heard a distinctive 'click and pause' after having answered the call, or anything else about the circumstances of the call that led [the plaintiff] to believe that it was made with an ATDS." *Martin*, 2015 4148704, at *2 (quoting *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012)). But more detailed information such as the duration of the pause is unnecessary at the pleading stage, with an allegation of a "momentary pause" sufficing. *See Oliver*, 2015 WL 1727251, at *3 (motion to dismiss denied where, among other allegations, plaintiff alleged the defendant used an ATDS because there was a "momentary pause" before someone spoke on the line).

Here, Mauer alleges that when she answered the call from John Doe, "there was a noticeable pause before the representative came on the line" that led her to believe the call was made using an ATDS, which she refers to as a "robocall." Doc. 18 ¶ 42. Everest argues that this fails to meet the TCPA's requirements, attempting to distinguish cases that call for surrounding circumstances, such as a "click and pause," from the verbiage that Mauer used—"a noticeable pause." *See Martin*, 2015 WL 4148704, at *2 (quoting *Johansen*, 2012 WL 6590551, at *3). The lack of a click does not take away from the plausibility of the facts that Mauer has alleged, particularly where the language she uses is so similar to that found sufficient in *Oliver*—a

9

"momentary pause." *See Oliver*, 2015 WL 1727251, at *3. Mauer has done more than merely attribute her claim to modern day practices, sufficiently basing her allegations that John Doe used an ATDS on reasonable facts that would be available to a plaintiff prior to discovery. *Cf. Schlotfeldt*, 2016 WL 406341, at *5 (dismissing TCPA claim for failure to plead more than conclusory allegation of use of ATDS). Thus, her claim survives AIU's and Everest's motions to dismiss.

## CONCLUSION

For the foregoing reasons, the Court denies AIU's and Everest's motions to dismiss [21, 24]. AIU and Everest are ordered to answer the amended complaint by September 29, 2016.

Dated: September 7, 2016

SARA L. ELLIS
United States District Judge