UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMY MAUER, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) No. 16 C 1473 v. ) ) Judge Sara L. Ellis AMERICAN INTERCONTINENTAL ) UNIVERSITY, INC., AIU ONLINE, LLC, ) EVEREST UNIVERSITY, EVEREST ) UNIVERSITY ONLINE, ZENITH ) EDUCATION GROUP, INC., ECMC GROUP, ) INC., AND JOHN DOE CORPORATION, ) ) Defendants. ) | |

## OPINION AND ORDER

Plaintiff Amy Mauer brings a class action complaint against Defendants American Intercontinental University, Inc. and AIU Online, LLC (collectively, "AIU"); Everest University, Everest University Online, Zenith Education Group, Inc., and ECMC Group, Inc. (collectively, "Everest"); and John Doe Corporation ("John Doe"). Mauer asserts that AIU, Everest, and John Doe violated the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq.*, by calling her cellular telephone using an automatic telephone dialing system ("ATDS") without her express consent. Mauer seeks to pursue the action not only individually but also on behalf of the following class:

> All persons nationwide who, since October 16, 2013, received one or more telemarketing calls on their cellular telephones from Defendants and/or any other person or entity acting on behalf of Defendants, and placed using an automatic telephone dialing system and/or an artificial or prerecorded voice, where the called party did not previously provide express written consent to be contacted.

Doc. 18 ¶ 60. Mauer seeks certification under Federal Rule of Civil Procedure 23(b)(2) and (b)(3), requesting both statutory damages and an injunction prohibiting Defendants from making calls using an ATDS in the future. In addition to seeking dismissal of Mauer's amended complaint, AIU filed a motion to strike the class allegations.[1] AIU's arguments concerning the impropriety of Mauer's Rule 23(b)(2) and (b)(3) classes are premature and should be raised in opposition to an affirmative motion for class certification after discovery. Although, Mauer has proposed an improper fail-safe class definition, the Court will not strike the class allegations but instead will consider the definition a placeholder, allowing Mauer to amend the class definition before or at the time she moves for class certification.

## BACKGROUND[2]

On March 17, 2015, around 6:35 p.m., Mauer received a call on her cellular phone from John Doe, a telemarketing agency, through an ATDS using the number (603) 913-2771. When Mauer answered the phone call, she observed a "noticeable pause" before a voice came on the other line. Doc. 18 ¶ 42. The person claimed to be a representative of the U.S. Education Network and tried to get Mauer's contact information to help her "further her education." *Id*. Mauer attempted to get more information from the representative, but when the representative did not provide any additional information, Mauer hung up.

Shortly after Mauer received the call on March 17, 2015, as part of her counsel's investigation, a call was placed to the same number that called Mauer, (603) 913-2771. The representative that answered the call offered educational services to the caller. The caller

---

[1] The Court addresses AIU's and Everest's motions to dismiss in a separate Opinion and Order.

[2] The Court takes the facts from Mauer's amended class action complaint and treats them as true for the purpose of resolving AIU's motion to strike. *See Cox v. Sherman Capital LLC*, No. 1:12-cv-01654-TWP-MJD, 2014 WL 1328147, at *9 (S.D. Ind. Mar. 31, 2014) (where defendant moves to preemptively strike class allegations prior to plaintiff's motion for class certification and before discovery has been conducted, the court should accept allegations in complaint as true).

provided the representative with a telephone number and email address. Within a matter of minutes, AIU and Everest called the given telephone number and sent information to the given email address. AIU and Everest both provide career education services around the country.

Mauer asserts that John Doe placed hundreds of similar calls for the purpose of collecting contact and other information and providing that information to AIU and Everest as customer leads. Mauer never provided express written consent to be contacted on her cell phone by or on behalf of John Doe, AIU, or Everest. She seeks to represent individuals who received similar calls and did not provide express written consent to be contacted.

## LEGAL STANDARD

Under Rule 23(c)(1)(A), the Court must determine whether to certify a class "[a]t an early practicable time." Fed. R. Civ. P. 23(c)(1)(A). Rule 23(d)(1)(D) provides the Court with the ability to require the pleadings to be amended to remove class action allegations. Fed. R. Civ. P. 23(d)(1)(D). Motions to strike class allegations at the pleading stage are appropriate where it is clear from the pleadings that the class claims are defective. *See Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011) (court "need not delay a ruling on certification if it thinks that additional discovery would not be useful in resolving the class determination"). But if the issues concerning class certification are factual, requiring discovery to determine whether certification is appropriate, a motion to strike class allegations at the pleading stage is premature. *Buonomo v. Optimum Outcomes, Inc.*, 301 F.R.D. 292, 295 (N.D. Ill. 2014). Unlike with a motion for class certification, on a motion to strike class allegations, the defendant, as the movant, bears the burden of persuasion. *Rysewyk v. Sears Holdings Corp.*, No. 15 CV 4519, 2015 WL 9259886, at *8 (N.D. Ill. Dec. 18, 2015).

Class certification is appropriate where a plaintiff can meet the four requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a). Additionally, a plaintiff must also satisfy one of the three subsections of Rule 23(b). Fed. R. Civ. P. 23(b); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). Here, Mauer seeks certification under Rules 23(b)(2) and (b)(3). Rule 23(b)(2) requires a finding that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Rule 23(b)(3) requires a finding that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Finally, although not an explicit requirement of Rule 23, the class members must be identifiable. *Oshana*, 472 F.3d at 513.

## ANALYSIS

AIU argues that the Court should strike Mauer's class allegations for three reasons: (1) the class Mauer seeks to represent is an impermissible fail-safe class, (2) Mauer cannot pursue a Rule 23(b)(3) class because individualized issues predominate over common questions of law or fact, and (3) Mauer cannot pursue a Rule 23(b)(2) class because she seeks predominately monetary damages as final relief. Mauer responds that AIU's arguments are premature and that the Court should address AIU's arguments only after she has fully presented her arguments for certification after discovery. She also argues that the class definition does not qualify as a fail-safe class, but that, alternatively, the Court has the discretion to amend the definition instead of striking it altogether. The Court addresses these arguments in turn.

**I.    Fail-Safe Class**

AIU first asserts that the Court should strike Mauer's class allegations because Mauer seeks to represent an impermissible fail-safe class. A fail-safe class is "one that is defined so that whether a person qualifies as a member depends on whether the person has a valid claim." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012). Fail-safe classes are problematic "because a class member either wins or, by virtue of losing, is defined out of the class and is therefore not bound by the judgment." *Id.* To avoid fail-safe problems, class membership should "not depend on the liability of the defendant." *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 660 (7th Cir. 2015). AIU argues that Mauer's class definition is a classic example of a fail-safe class because it includes only those individuals who "did not previously provide express written consent to be contacted." Doc. 18 ¶ 60. Because a lack of consent is a requirement for liability under the TCPA, AIU argues that the proposed class depends on Defendants' liability and so is an impermissible fail-safe class. *See Sauter v. CVS Pharmacy, Inc.*, No. 2:13-cv-846, 2014 WL 1814076, at *9 (S.D. Ohio May 7, 2015) (reviewing cases addressing whether proposed TCPA classes defined to include individuals who did not provide express consent qualified as fail-safe classes and finding that such classes are impermissible); *see also Dixon v. Monterey Fin. Servs., Inc.*, No. 15-cv-03298-MMC, 2016 WL 3456680, at *4 (N.D. Cal. June 24, 2016) (finding a class defined to include only those who received a call without prior express written consent to be an improper fail-safe class because only those who prevailed on liability would be class members). *But see Waterbury v. A1 Solar Power Inc.*, No. 15cv2374-MMA(WVG), 2016 WL 3166910, at *4–5 (S.D. Cal. June 7, 2016) (finding that TCPA class defined to include persons who had not provided telephone number to defendants or for whom defendants did not have a record of express written consent was not a fail-safe class);

5

*Wolfkiel v. Intersections Ins. Servs. Inc.*, 303 F.R.D. 287, 294 (N.D. Ill. 2014) (refusing to find that no-consent class qualified as a fail-safe class at the motion to strike stage). Mauer responds that her proposed class is not a fail-safe class because Defendants should have lists of the individuals they called and who provided consent to those calls, although such allegations are not included in her amended complaint. But to the extent that the Court finds her proposed class to be an impermissible fail-safe class, Mauer proposes that the class definition be amended to include anyone who received a call, regardless of consent.

The Court agrees that, as currently defined, Mauer's class poses fail-safe problems: whether an individual qualifies as a class member turns on consent and so membership in the class depends on the presence of a valid claim against Defendants. *See Olney v. Job.com, Inc.*, No. 1:12-CV-01724-LJO-SKO, 2013 WL 5476813, at *11 (E.D. Cal. Sept. 30, 2013) ("Because the TCPA prohibits calls to cellular telephones using ATDSS unless prior express consent has been given, defining the class to include anyone who received such a call without prior express consent means that only those potential members who would prevail on this liability issue would be members of the class."). Thus, in including parties who had not previously provided express written consent, only class members would be bound by a judgment favorable to Mauer. *Adashunas v. Negley*, 626 F.2d 600, 604 (7th Cir.1980).

The use of a fail-safe class, however, does not preclude Mauer from moving forward with her class allegations against AIU. *See Messner*, 669 F.3d at 825 ("Defining a class so as to avoid, on one hand, being overinclusive and, on the other hand, the fail-safe problem is more of an art than a science. Either problem can and often should be solved by refining the class definition rather than by flatly denying class certification on that basis."); *Van v. Ford Motor Co.*, No. 14 cv 8708, 2016 WL 1182001, at *8 (N.D. Ill. Mar. 28, 2016) (declining to strike fail-

safe class definition where plaintiffs had not yet moved to certify the purported class and instead considering the class definition "a placeholder for plaintiffs to seek certification if it becomes appropriate to do so"); *Wolfkiel*, 303 F.R.D. at 294 (possible existence of fail-safe class was not a basis to strike class allegations prior to certification stage). Rather, the Court will allow Mauer to amend her class definition, either now or when she moves for class certification to remove the fail-safe problem identified here. *See Chapman v. First Index, Inc.*, 796 F.3d 783, 785 (7th Cir. 2015) (noting that Rule 15 requirements for amendment of pleadings do not apply to class definitions but that it was not an abuse of discretion for district court to require plaintiffs to propose class definition at an early practicable time and not attempt to revise definition over four years into the litigation).

## II. Rule 23(b)(3) Class

AIU next argues that the Court should strike Mauer's Rule 23(b)(3) class because individualized issues predominate over common issues of law or fact. The Rule 23(b)(3) "inquiry trains on the legal or factual questions that qualify each class member's case as a genuine controversy," with the primary purpose of determining if a proposed class is "sufficiently cohesive to warrant adjudication by representation." *Messner*, 669 F.3d at 814 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997)). The predominance requirement is satisfied when "common questions represent a significant aspect of [a] case and . . . can be resolved for all members of [a] class in a single adjudication." *Id.* at 815 (alterations in original) (quoting 7AA Wright & Miller, Federal Practice & Procedure § 1778 (3d ed. 2011)). In other words, a plaintiff can meet the predominance requirement by using common evidence to prove the class members' claims. *Id.* "Predominance is a qualitative rather than a quantitative concept." *Parko v. Shell Oil Co.*, 739

F.3d 1083, 1085 (7th Cir. 2014). "It is not determined simply by counting noses: that is, determining whether there are more common issues or more individual issues, regardless of relative importance." *Id.*

AIU argues that determining whether each putative class member consented to be called is an inherently fact-specific, individualized inquiry and so defeats predominance. *See Wolfkiel*, 303 F.R.D. at 293–94 (determining whether putative class members revoked prior consent at relevant time would require individualized inquiries and so would predominate over common questions of fact)[3]; *Lindsay Transmission, LLC v. Office Depot, Inc.*, No. 4:12-CV-221 (CEJ), 2013 WL 275568, at *5 (E.D. Mo. Jan. 24, 2013) (striking class allegations where determining class membership would require individualized determinations regarding absence of prior consent and prior business relationship). Courts are split on whether the issue of individualized consent renders a TCPA class uncertifiable on predominance grounds, with the outcome depending on the specific facts of each case. *See Gene & Gene LLC v. BioPay LLC*, 541 F.3d 318, 328 (5th Cir. 2008) ("[T]here are no invariable rules regarding the suitability of a particular case filed under this subsection of the TCPA for class treatment; the unique facts of each case generally will determine whether certification is proper."); *G.M. Sign, Inc. v. Brink's Mfg. Co.*, No. 09 C 5528, 2011 WL 248511, at *8 (N.D. Ill. Jan. 25, 2011) (declining to certify proposed TCPA class based on issues of individualized consent, distinguishing cases in which courts have certified TCPA cases and noting that "[o]f course, the question whether common questions predominate is necessarily a case-specific one"). Issues of individualized consent typically predominate when a defendant sets forth specific evidence showing consent from a large

---

[3] In *Wolfkiel*, the court refused to strike class allegations for a separate class, defined as those who did not consent to receive telemarketing calls, on the basis that individualized issues of consent predominated because it found that a reasonable inference could be drawn that the issue of individualized consent could be addressed on a class-wide basis where there appeared to be only one source from which the defendant would have obtained the class members' contact information. 303 F.R.D. at 294.

percentage of potential class members and the plaintiff has not presented a method by which to ascertain consent on a class-wide basis. *See Jamison v. First Credit Servs., Inc.*, 290 F.R.D. 92, 106–07 (N.D. Ill. 2013) (finding individual issues predominated and that class was unascertainable where defendant introduced evidence that it elicited consent from a large percentage of potential class members so that the court would have "to conduct a series of mini-trials to determine the population of the class and to determine liability"); *Brink's Mfg. Co.*, 2011 WL 248511, at *7–8 (individualized issues predominated where the defendant submitted evidence that it obtained consent from all fax recipients and the court would have been required "to engage in a class-member-specific inquiry to determine whether each recipient did indeed give permission or have an established business relationship with Defendant at the pertinent time"). However, if a defendant fails to set forth such specific evidence and instead only makes vague, speculative assertions about the issue, then courts find individualized issues of consent do not predominate. *See Johnson v. Yahoo!, Inc.*, Nos. 14 CV 2028, 14 CV 2753, 2016 WL 25711, at *7–8 (N.D. Ill. Jan. 4, 2016) (finding that defendant had not presented sufficient evidence of individualized consent and that consent issues were instead amenable to class-wide evidence); *G.M. Sign, Inc. v. Finish Thompson, Inc.*, No. 07 C 5953, 2009 WL 2581324, at *6 (N.D. Ill. Aug. 20, 2009) (a defendant "cannot defeat class certification by asserting the vague possibility that some of the individuals on the anonymous lists may have perchance consented to receiving the fax").

AIU also argues that the Court will have to determine the purpose of each individual call and whether each call was made using an ATDS. According to AIU, these issues similarly defeat predominance because they cannot be determined on a class-wide basis and instead would require separate mini-trials.

9

AIU's arguments regarding consent and the nature of the calls received by the putative class members are premature and better addressed once Mauer affirmatively moves for class certification. AIU makes no specific assertions as to consent from any of the putative class members to receiving calls on their cellphones or the means by which the calls were made, i.e., without the use of ATDS, instead engaging in unsupported speculation that does not warrant striking the class allegations at this stage. *See Fitzhenry v. Career Educ. Corp.*, No. 14-CV-10172, 2016 WL 792312, at *5 (N.D. Ill. Mar. 1, 2016) (refusing to strike class allegations at the pleading stage based on consent issues); *Jamison*, 290 F.R.D. at 107 (noting general rule that individualized issues regarding consent will not predominate where defendants do not present specific evidence concerning consent). Additionally, although class allegations may be stricken at the pleading stage when they are "facially and inherently deficient," courts will not do so when the dispute is factual and discovery is required. *Cholly v. Uptain Grp., Inc.*, No. 15 C 5030, 2015 WL 9315557, at *3 (N.D. Ill. Dec. 22, 2015); *Buonomo*, 301 F.R.D. at 295. The Court cannot determine from the pleadings alone whether the issues surrounding consent and use of ATDS will require individualized inquiries. Thus, striking the Rule 23(b)(3) class allegations on these bases would be premature. *See Fitzhenry*, 2016 WL 792312, at *5; *Cholly*, 2015 WL 9315557, at *3; *Buonomo*, 301 F.R.D. at 299. AIU may reraise these arguments in opposition to an affirmative motion for class certification after the parties have engaged in discovery. *Buonomo*, 301 F.R.D. at 299 ("The Court makes no determinations regarding whether proposed class members' claims are, in fact, susceptible to generalized proof; it holds only that Buonomo must have the opportunity to conduct discovery regarding what evidence . . . exists before the Court can determine whether certification . . . is appropriate in this case.").

**III.     Rule 23(b)(2) Class**

Finally, AIU argues that the Court should strike Mauer's request for certification pursuant to Rule 23(b)(2) because Mauer exclusively or predominately seeks monetary damages, which is inappropriate under Rule 23(b)(2) certification. Rule 23(b)(2) is used where "the plaintiffs' primary goal is not monetary relief, but rather to require the defendant to do or not do something that would benefit the whole class." *Chicago Teachers Union, Local No. 1 v. Bd. of Educ. of the City of Chicago*, 797 F.3d 426, 441 (7th Cir. 2015). AIU argues that because the TCPA provides statutory damages for its violation, an injunction "merely lays an evidentiary foundation for subsequent determinations of liability" and so is not appropriate in TCPA cases. *Wolfkiel*, 303 F.R.D. at 293 (striking plaintiffs' Rule 23(b)(2) class allegations); *see also Cholly*, 2015 WL 9315557, at *3 (following *Wolfkiel* in striking Rule 23(b)(2) class allegations).

At this stage, however, the Court finds AIU's request to strike Mauer's Rule 23(b)(2) class allegations premature. The Seventh Circuit has endorsed the possibility of "divided certification," i.e., proceeding first under Rule 23(b)(2) and then under Rule 23(b)(3) for incidental damages if Mauer is successful in obtaining declaratory relief. *See Johnson v. Meriter Health Servs. Emp. Ret. Plan*, 702 F.3d 364, 371–72 (7th Cir. 2012); *Lemon v. Int'l Union of Operating Eng'rs, Local No. 139, AFL-CIO*, 216 F.3d 577, 581 (7th Cir. 2000). Although the Court questions whether Mauer can make an appropriate showing for such divided certification, the Court will not close off this option or determine whether the injunctive relief Mauer seeks is merely a stepping stone to a damages request at this stage of the proceedings. *See Fitzhenry*, 2016 WL 792312, at *6 (refusing to determine at pleading stage whether damages were incidental to requested injunctive relief without the benefit of discovery or further litigation in TCPA case).

11

**CONCLUSION**

For the foregoing reasons, the Court denies AIU's motion to strike class allegations in Mauer's amended class action complaint [27].

Dated: September 8, 2016

_____
SARA L. ELLIS
United States District Judge